QUINN EMANUEL URQUHART & SULLIVAN, LLP
Scott B. Kidman (Bar No. 119856)
scottkidman@quinnemanuel.com
Brian M. Wheeler (Bar No. 266661)
brianwheeler@quinnemanuel.com
David H. Pennington (Bar No. 272238)
davidpennington@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiffs King's Hawaiian Holding Company, Inc. and King's Hawaiian Bakery West, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

KING'S HAWAIIAN HOLDING COMPANY, INC., a California corporation; and KING'S HAWAIIAN BAKERY WEST, INC., a California corporation,

Plaintiffs,

vs.

SPROUTS FARMERS MARKET, INC., a Delaware corporation; and DOES 1-10, inclusive,

Defendants.

Case No. 2:14-cv-05650

**JURY TRIAL DEMAND**

**COMPLAINT FOR FEDERAL TRADE DRESS INFRINGEMENT, FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, STATE UNFAIR BUSINESS PRACTICES, COMMON LAW UNFAIR COMPETITION, MISAPPROPRIATION, AND PASSING OFF**

Plaintiffs King's Hawaiian Holding Company, Inc. and King's Hawaiian Bakery West, Inc. (collectively, "King's Hawaiian") complain and allege as follows against Defendant Sprouts Farmers Market, Inc. ("defendant").

## THE NATURE OF THE ACTION

1. In this action, King's Hawaiian seeks injunctive relief and damages for acts of trade dress infringement, unfair competition, misappropriation and passing-

off engaged in by defendant in violation of the laws of the United States and the State of California.

2. Defendant is selling in the United States sweet rolls that intentionally and willfully employ product packaging that is confusingly similar to the distinctive packaging trade dress that King's Hawaiian uses in connection with the famous KING'S HAWAIIAN Hawaiian Sweet Rolls. Defendant's deceptively similar product packaging is likely to cause confusion, deception or mistake as to the origin, sponsorship or approval of defendant's products.

3. Upon information and belief, defendant's infringement was and is willful and has caused and continues to cause King's Hawaiian substantial irreparable injury, warranting injunctive relief, as well as an award of monetary damages.

**THE PARTIES**

4. Plaintiff King's Hawaiian Holding Company, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business in Torrance, California.

5. Plaintiff King's Hawaiian Bakery West, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business in Torrance, California. King's Hawaiian Bakery West, Inc. is a wholly-owned subsidiary of King's Hawaiian Holding Company, Inc. and is a licensed distributor of King's Hawaiian goods, including goods packaged with the King's Hawaiian Sweet Roll Packaging Trade Dress.

6. Defendant Sprouts Farmers Market, Inc. is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Phoenix, Arizona.

7. The identities of the various Doe Defendants are not currently known, and this Complaint will be amended to include the names and capacities of such individuals or entities when the same is ascertained.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks), 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

9. This Court has personal jurisdiction over defendant because defendant has committed and continues to commit acts of infringement in violation of 15 U.S.C. § 1125(a), and places infringing products into the stream of commerce, with knowledge or understanding that such products are sold in the State of California, including in this District. The acts of defendant cause injury to King's Hawaiian in this District. Upon information and belief, defendant derives substantial revenue from the sale of infringing products within this District and expects its actions to have consequences in this District.

10. Venue is proper within this District under 28 U.S.C. § 1391 because defendant transacts business within this District and offers for sale in this District products that infringe King's Hawaiian's trade dress and/or places infringing products into the stream of commerce, with knowledge or understanding that such products are sold in this District. In addition, venue is proper because King's Hawaiian's principal place of business is in this District and King's Hawaiian suffered harm in this District. Moreover, a substantial part of the events giving rise to the claims occurred in this District.

## THE KING'S HAWAIIAN SWEET ROLL PACKAGING TRADE DRESS

11. King's Hawaiian is a family-owned business that makes and sells the famous KING'S HAWAIIAN Original Hawaiian Sweet Rolls and other baked goods. The history of King's Hawaiian began in the 1950s in Hilo, Hawaii. There, Robert Taira opened his first bake shop, Robert's Bakery, where he made round,

soft loaves of Hawaiian Sweet Bread using his own original recipe. After nearly a decade of growing popularity, in 1963 the original shop expanded and moved to King Street in Honolulu, where it was renamed King's Bakery. In the 1970s, Mr. Taira brought his Hawaiian Sweet Bread to the mainland and built a 24,000-square-foot bakery in Torrance, California. He named it King's Hawaiian Bakery. In 1983, King's Hawaiian introduced the now famous 12-pack of Original Hawaiian Sweet Rolls. During the next several decades King's Hawaiian continued to grow as its reputation spread for making delicious, high-quality products. What started as a small bakery in Hilo, Hawaii is now a national brand with products available in grocery stores across the United States.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

12. King's Hawaiian goes to great efforts to preserve its image and identity and the image and identity of its high-quality products. King's Hawaiian developed distinctive packaging trade dress for use with its Hawaiian Sweet Rolls. The sweet roll packaging trade dress asserted in this lawsuit (the "King's Hawaiian Sweet Roll Packaging Trade Dress") consists of an overall visual impression, which includes (1) the prominent use of the color orange; (2) on the front of the package, the color orange is the primary element of a border around a clear window; (3) within the window, a light-colored element with contrasting writing; and (4) on the light-colored element, no word appears in larger font than the word "Hawaiian," which is in a serif font, as shown below and in Exhibit 1 hereto.




King's Hawaiian has used the King's Hawaiian Sweet Roll Packaging Trade Dress to distinguish its Hawaiian Sweet Rolls since at least the early 1980s.

13. The King's Hawaiian Sweet Roll Packaging Trade Dress is non-functional. The overall look and feel of the packaging design is not required to achieve any particular function—and there are a plethora of alternative packaging designs available to King's Hawaiian's competitors.

14. The King's Hawaiian Sweet Roll Packaging Trade Dress is inherently distinctive. Moreover, through extensive use, marketing and promotional activities, the King's Hawaiian Sweet Roll Packaging Trade Dress has acquired a strong secondary meaning. The King's Hawaiian Sweet Roll Packaging Trade Dress serves to identify King's Hawaiian as the source of the products with which it is used, and the relevant consuming public recognizes the King's Hawaiian Sweet Roll Packaging Trade Dress as distinguishing those products from the goods and services of others.

**DEFENDANT'S UNLAWFUL AND DECEPTIVE ACTS**

15. Defendant is neither licensed nor otherwise authorized by King's Hawaiian to use the King's Hawaiian Sweet Roll Packaging Trade Dress in connection with its products.

16. Without King's Hawaiian's permission or consent, defendant is offering for sale and selling in the United States, including in this District, sweet rolls in product packaging deceptively similar to the King's Hawaiian Sweet Roll Packaging Trade Dress.

17. Defendant's conduct is likely to cause consumers to be confused or deceived or mistaken into believing that there is an affiliation, connection or association between defendant and King's Hawaiian or that defendant's products originate from or are sponsored by or approved by King's Hawaiian.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

18. The packaging for defendant's sweet rolls is confusingly similar in overall look and feel to the King's Hawaiian Sweet Roll Packaging Trade Dress and includes (1) the prominent use of the color orange; (2) on the front of the package, the color orange is the primary element of a border around a clear window; (3) within the window, a light-colored element with contrasting writing; and (4) on the light-colored element, no word appears in larger font than the word "Hawaiian," which is in a serif font, as shown below and in Exhibit 2 hereto.




19. King's Hawaiian is informed and believes, and on that basis alleges, that defendant has adopted and used its deceptively similar packaging with the intent to trade off the enormous goodwill that King's Hawaiian has earned in the King's Hawaiian Sweet Roll Packaging Trade Dress and the high-quality products with which it is used and, further, to cause consumers to be confused or deceived or mistaken into believing that there is an affiliation, connection or association between defendant and King's Hawaiian or that defendant's sweet rolls originate from or are sponsored by or approved by from King's Hawaiian. Defendant has damaged the reputation, business and goodwill of King's Hawaiian, including within this District,

and, unless enjoined, King's Hawaiian is informed and believes that defendant will continue such conduct to the immediate and irreparable injury of King's Hawaiian.

20. King's Hawaiian is informed and believes, and on that basis alleges, that defendant has acted and, unless enjoined, will continue to act, in willful, wanton and callous disregard of King's Hawaiian's rights.

**FIRST CLAIM FOR RELIEF**

**(Federal Trade Dress Infringement--15 U.S.C. § 1125(a))**

21. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 20, above, as though fully set forth at length, against all defendants.

22. King's Hawaiian is the owner of all rights and title to, and has valid and protectable prior rights in, the King's Hawaiian Sweet Roll Packaging Trade Dress. The King's Hawaiian Sweet Roll Packaging Trade Dress is non-functional.

23. King's Hawaiian engages in the sale and distribution of Hawaiian Sweet Rolls employing the King's Hawaiian Sweet Roll Packaging Trade Dress in interstate commerce and has done so since long before defendant began its infringing use of the King's Hawaiian Sweet Roll Packaging Trade Dress as alleged herein.

24. The King's Hawaiian Sweet Roll Packaging Trade Dress is inherently distinctive. In addition, based on extensive marketing, promotion and use, the King's Hawaiian Sweet Roll Packaging Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying King's Hawaiian as the source of the products with which it is used.

25. Without King's Hawaiian's permission, defendant has adopted and used with its sweet rolls packaging that is deceptively similar to the King's Hawaiian Sweet Roll Packaging Trade Dress. Defendant's conduct is likely to cause members of the consuming public to be confused or deceived or mistaken into believing that there is an affiliation, connection or association between defendant

and King's Hawaiian or that defendant's products originate from or are sponsored by or approved by King's Hawaiian.

26. King's Hawaiian is informed and believes, and on that basis alleges, that defendant's wrongful conduct has been and continues to be intentional, willful and without regard for King's Hawaiian's rights in the King's Hawaiian Sweet Roll Packaging Trade Dress.

27. King's Hawaiian is informed and believes, and on that basis alleges, that defendant has gained profits by virtue of its infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress.

28. King's Hawaiian has sustained damages as a direct and proximate result of defendant's infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress in an amount to be proven at trial.

29. King's Hawaiian has been and will continue to be irreparably harmed by defendant's wrongful conduct. The damage to King's Hawaiian includes harm to its goodwill, reputation and market position that money cannot compensate. King's Hawaiian is therefore entitled to an injunction against defendant's continuing infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress. Unless enjoined, defendant will continue its infringing conduct.

30. King's Hawaiian is entitled to its actual damages, defendant's profits and an award of costs pursuant to 15 U.S.C. § 1117(a). Further, King's Hawaiian is entitled to treble its actual damages and, because this is an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**

**(Federal False Designation of Origin and Unfair Competition—15 U.S.C. § 1125(a))**

31. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 30, above, as though fully set forth at length, against all defendants.

32. The conduct and acts of defendant described above constitute a false designation of origin and a false description in violation of 15 U.S.C. § 1125(a).

33. King's Hawaiian is informed and believes, and on that basis alleges, that defendant's wrongful conduct has been and continues to be intentional, willful and without regard for King's Hawaiian's rights in the King's Hawaiian Sweet Roll Packaging Trade Dress.

34. King's Hawaiian is informed and believes, and on that basis alleges, that defendant has gained profits by virtue of its infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress.

35. King's Hawaiian has sustained damages as a direct and proximate result of defendant's wrongful conduct in an amount to be proven at trial.

36. King's Hawaiian has been and will continue to be irreparably harmed by defendant's wrongful conduct. The damage to King's Hawaiian includes harm to its goodwill, reputation and market position that money cannot compensate. King's Hawaiian is therefore entitled to an injunction against defendant's continuing infringement of the King's Hawaiian Sweet Roll Packaging Trade Dress. Unless enjoined, defendant will continue its infringing conduct.

37. King's Hawaiian is entitled to its actual damages, defendant's profits and an award of costs pursuant to 15 U.S.C. § 1117(a). Further, King's Hawaiian is entitled to treble its actual damages and, because this is an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**THIRD CLAIM FOR RELIEF**

**(Unfair Business Practices—**

**California Business and Professions Code § 17200, *et seq.*)**

38. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 37, above, as though fully set forth at length, against all defendants.

39. The conduct and acts of defendant described above constitute fraudulent and unlawful business practices as defined by *California Business & Professions Code* § 17200, *et seq*.

40. King's Hawaiian has valid and protectable prior rights in the King's Hawaiian Sweet Roll Packaging Trade Dress. The King's Hawaiian Sweet Roll Packaging Trade Dress does not serve any function other than to identify King's Hawaiian as the source of the King's Hawaiian products with which it is used. The King's Hawaiian Sweet Roll Packaging Trade Dress is inherently distinctive and, through King's Hawaiian's extensive use, has come to be associated solely with King's Hawaiian as the source of the products with which it is used.

41. Defendant's use of its infringing packaging is likely to cause confusion as to the source of defendant's products and is likely to cause others to be confused or deceived or mistaken into believing that there is an affiliation, connection or association between defendant and King's Hawaiian or that defendant's products originate from or are sponsored by or approved by King's Hawaiian.

42. The above-described acts and practices by defendant are likely to mislead or deceive members of the general public and therefore constitute fraudulent and unfair business practices in violation of *California Business & Professions Code* § 17200, *et seq*.

43. The above-described acts constitute trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a), and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and are therefore unlawful acts in violation of *California Business & Professions Code* § 17200, *et seq*.

44. King's Hawaiian is informed and believes, and on that basis alleges, that defendant acted willfully and intentionally in adopting its infringing packaging, with full knowledge of the distinctive King's Hawaiian Sweet Roll Packaging Trade Dress and with an intent to cause consumers to be confused or deceived or mistaken into believing that there is an affiliation, connection or association between

defendant and King's Hawaiian or that defendant's products originate from or are sponsored by or approved by King's Hawaiian.

45. The unlawful and fraudulent business practices of defendant described above present a continuing threat to, and are meant to deceive members of, the consuming public in that defendant continues to promote its products by wrongfully trading on the goodwill of the King's Hawaiian Sweet Roll Packaging Trade Dress.

46. As a direct and proximate result of these acts, defendant has profited, and will continue to profit, from its infringing use of the King's Hawaiian Sweet Roll Packaging Trade Dress.

47. As a direct and proximate result of defendant's wrongful conduct, King's Hawaiian has been injured in fact and has lost money and profits, and such harm will continue unless defendant's acts are enjoined by the Court. King's Hawaiian has no adequate remedy at law for defendant's continuing violation of King's Hawaiian's rights.

48. Defendant should be required to restore to King's Hawaiian any and all profits earned as a result of its unlawful and fraudulent actions, or provide King's Hawaiian with any other restitutionary relief as the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF

**(Common Law Unfair Competition)**

49. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 48, above, as though fully set forth at length, against all defendants.

50. Without King's Hawaiian's permission, defendant has misappropriated the King's Hawaiian Sweet Roll Packaging Trade Dress for use in connection with the sale of defendant's competing goods.

51. Defendant's conduct is likely to cause confusion, deception and mistake among the consuming public as to the origin, sponsorship or approval of

defendant's products for which defendant has misappropriated the King's Hawaiian Sweet Roll Packaging Trade Dress.

52. King's Hawaiian is informed and believes, and on that basis alleges, that defendant has adopted and used its infringing packaging with the intent to trade on the enormous goodwill King's Hawaiian has earned in its Hawaiian Sweet Rolls and to cause consumers to be confused or deceived or mistaken into believing that defendant's competing products originate from or are sponsored by or approved by King's Hawaiian.

53. By reason of the foregoing, defendant has been, and is, engaged in unlawful, unfair or deceptive business practices and acts of unfair competition in violation of California common law.

54. Defendant's wrongful activities have caused King's Hawaiian irreparable injury and said conduct, unless enjoined by this Court, will be continued by defendant to the continuing and irreparable injury of King's Hawaiian. The damage to King's Hawaiian includes harm to its goodwill and reputation that money cannot compensate. King's Hawaiian is entitled to, without limitation: (i) an injunction against defendant's wrongful use of the King's Hawaiian Sweet Roll Packaging Trade Dress; (ii) an accounting of defendant's profits from its wrongful use of the King's Hawaiian Sweet Roll Packaging Trade Dress; (iii) an award of defendant's profits from its wrongful use of the King's Hawaiian Sweet Roll Packaging Trade Dress; and (iv) an award of King's Hawaiian's actual damages incurred as a result of defendant's wrongful acts, in an amount to be proven at trial.

55. Additionally, because defendant's acts have been wanton, deliberate, malicious and willful, King's Hawaiian is entitled to an award of punitive damages as a result of defendant's unfair competition in violation of California common law, in an amount sufficient to punish defendant and deter such conduct in the future.

**FIFTH CLAIM FOR RELIEF**

**(Common Law Misappropriation)**

56. King's Hawaiian incorporates herein by reference each and every allegation contained in Paragraphs 1 through 55, above, as though set forth at length, against all defendants.

57. King's Hawaiian has made a substantial investment of time, effort, and money over many years in creating the goodwill associated with, and the public recognition of, the King's Hawaiian Sweet Roll Packaging Trade Dress.

58. By utilizing the King's Hawaiian Sweet Roll Packaging Trade Dress in the manner described above, defendant has appropriated King's Hawaiian's goodwill and reputation without any payment, consideration or consent and is unjustly reaping the benefit of King's Hawaiian's valuable trade dress.

59. Defendant's wrongful activities have caused King's Hawaiian irreparable injury and said conduct, unless enjoined by this Court, will be continued by defendant to the continuing and irreparable injury of King's Hawaiian. The damage to King's Hawaiian includes harm to its goodwill and reputation that money cannot compensate. King's Hawaiian is entitled to, without limitation: (i) an injunction against defendant's wrongful use of the King's Hawaiian Sweet Roll Packaging Trade Dress; (ii) an accounting of defendant's profits from its wrongful use of the King's Hawaiian Sweet Roll Packaging Trade Dress; (iii) an award of defendant's profits from its wrongful use of the King's Hawaiian Sweet Roll Packaging Trade Dress; and (iv) an award of King's Hawaiian's actual damages incurred as a result of defendant's wrongful acts, in an amount to be proven at trial.

60. Further, because defendant's acts have been wanton, deliberate, malicious and willful, King's Hawaiian is entitled to an award of punitive damages in order to punish defendant and to deter such misconduct in the future.

**SIXTH CLAIM FOR RELIEF**

**(Common Law Passing-Off and Disparagement)**

61. King's Hawaiian repeats and realleges each and every allegation of paragraphs 1 through 60, above, as though fully set forth at length, against all defendants.

62. Defendant's conduct and acts described above constitute a knowing and willful passing-off of defendant's goods as those of King's Hawaiian, or for those authorized or approved by King's Hawaiian, and deceives consumers.

63. Defendant's continued use of the King's Hawaiian Sweet Roll Packaging Trade Dress in the manner described falsely implies a connection between defendant's products and King's Hawaiian that is likely to cause mistake and to confuse and deceive the public.

64. Defendant's wrongful activities have caused King's Hawaiian irreparable injury and, unless enjoined by this Court, defendant will continue said conduct to the continuing and irreparable injury of King's Hawaiian. The damage to King's Hawaiian includes harm to its goodwill and reputation that money cannot compensate. King's Hawaiian is entitled to, without limitation: (i) an injunction against defendant's wrongful use of the King's Hawaiian Sweet Roll Packaging Trade Dress; (ii) an accounting of defendant's profits from its wrongful use of the King's Hawaiian Sweet Roll Packaging Trade Dress; (iii) an award of defendant's profits from its wrongful use of the King's Hawaiian Sweet Roll Packaging Trade Dress; and (iv) an award of King's Hawaiian's actual damages incurred as a result of defendant's wrongful acts, in an amount to be proven at trial.

65. Additionally, because defendant's acts have been wanton, deliberate, malicious and willful, King's Hawaiian is entitled to an award of punitive damages in an amount sufficient to punish defendant and deter such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, plaintiffs King's Hawaiian Holding Company, Inc. and King's Hawaiian Bakery West, Inc. hereby respectfully request that this Court:

A. Enter an injunction enjoining defendant, its officers, directors, employees, agents, licensees, servants, successors and assigns, and any and all persons in active concert or participation with any of them, from:

1. Any unauthorized use of the King's Hawaiian Sweet Roll Packaging Trade Dress, including, without limitation, any colorable imitation or confusingly similar variation thereof, in connection with the promotion, advertising, distribution or sale of goods by defendant;

2. Engaging in any conduct suggesting or tending to suggest that any product promoted, advertised, distributed or offered for sale by defendant originates from or is directly or indirectly sponsored by, approved by, affiliated with or connected with King's Hawaiian; and

3. Conveying the impression to the public through displays, advertising, packaging or otherwise that any product offered by defendant originates from or is directly or indirectly sponsored by, approved by, affiliated with or connected with King's Hawaiian;

B. Award King's Hawaiian its actual damages and defendant's profits from defendant's wrongful acts;

C. Award King's Hawaiian its costs of suit and reasonable attorneys' fees;

D. Award King's Hawaiian treble its actual damages and an enhancement of defendant's profits pursuant to 15 U.S.C. § 1117(a);

E. Enter an order, pursuant to 15 U.S.C. §§ 1118 and 1125(c)(3) and other applicable law, directing defendant to deliver up for destruction all products, fabrics, labels, signs, prints, packages, dies, wrappers, receptacles, and advertisements in its possession or under its control, bearing any unauthorized copy of the King's Hawaiian Sweet Roll Packaging Trade Dress or any simulation, reproduction,

counterfeit, copy, confusingly similar likeness, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same;

F. Award restitutionary relief against defendant and in favor of King's Hawaiian, including disgorgement of wrongfully obtained profits and any other appropriate relief;

G. Award King's Hawaiian punitive damages in an amount sufficient to punish defendant and deter such conduct in the future;

H. Award any other remedies to which King's Hawaiian may be entitled, including all remedies provided for in 15 U.S.C. § 1117(a), *California Business & Professions Code* § 17200, *et seq.*, and under any other California law; and

I. Award such other and further relief as this Court deems just and proper.

DATED: July 21, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Scott B. Kidman*
Scott B. Kidman
Brian M. Wheeler
Attorneys for King's Hawaiian Holding Company, Inc. and King's Hawaiian Bakery West, Inc.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs King's Hawaiian Holding Company, Inc. and King's Hawaiian Bakery West, Inc. hereby demand trial by jury on all issues raised by the Complaint.

DATED: July 21, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Scott B. Kidman*
Scott B. Kidman
Brian M. Wheeler
Attorneys for King's Hawaiian Holding Company, Inc. and King's Hawaiian Bakery West, Inc.