1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                    CENTRAL DISTRICT OF CALIFORNIA
8                           WESTERN DIVISION

| | |
|---|---|
| KING'S HAWAIIAN HOLDING COMPANY, INC., a California corporation; and KING'S HAWAIIAN BAKERY WEST, INC., a California corporation, | Case No. 2:14-cv-05650-DSF-RZ |
| | Hon. Ralph Zarefsky |
| Plaintiffs, | DISCOVERY MATTER |
| vs. | **STIPULATED [~~REVISED PROPOSED~~] PROTECTIVE ORDER** |
| SPROUTS FARMERS MARKET, INC., a Delaware corporation; and DOES 1-10, inclusive, | |
| Defendants. | |

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

# [~~PROPOSED~~] PROTECTIVE ORDER

## 1.    A.    Purposes and Limitations

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal without further order of the Court; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

## B.    Good Cause Statement

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  In addition, the Parties are currently in a competitive relationship, and further anticipate that Non-Party competitor information may be produced in this action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary,

confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)    ~~Confidential business or financial information that is not known generally to the trade or to competitors, including~~ financial data at a level of detail beyond that disclosed to the public and financial information relating to specific sales, cost and profit information, and pricing strategies for specific products and product lines;

(2)    ~~Information regarding confidential business practices, or other confidential research, development, or commercial information, including~~ confidential business, marketing, or sales plans and product information that are not known generally to the trade or to competitors, including non-public information relating to product development and design;

(3)    Commercially sensitive information regarding the development, production, marketing, branding, sales or promotion of the Party's products or finances, the disclosure of which would have the effect of causing harm to the competitive position of the Party or Non-Party from which the information is obtained;

(4)    Information implicating privacy rights of third parties, including information received from a Non-Party that a Party is required to disclose only under conditions of confidentiality;

(5)    ~~Information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.~~

For example, Plaintiffs have already issued discovery requests seeking, *inter alia,* information about Defendant's internal design and development processes of its packaging and marketing materials; Defendant's profits and/or revenue associated with particular products; marketing and sales plans for particular products; the production of invoices and purchase orders for specific products; as

well as the production of any confidential joint defense and/or indemnification agreements.   Public disclosure of such information would severely harm the Defendant given the competitive nature of the grocery business.    Likewise, Defendants have issued discovery requests seeking, *inter alia,* information regarding the design and development of Plaintiffs' trade dress; non-public forecasts, profits, costs, pricing, and profit margin information for Plaintiff's products; Plaintiff's revenue and sales at a non-public detailed level; the total dollar amount expended on advertising and/or promotion of the products offered, sold, marketed or distributed in connection with the asserted trade dress; as well as documents related to such expenditures.   The public disclosure of such non-public information would severely harm Plaintiff in the competitive marketplace.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, and believing that good cause exists, a protective order for such information is justified in this matter.   It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.    Definitions**

2.1    Challenging Party:    A Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:   Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

-3-

1 ~~protection under Federal Rule of Civil Procedure 26(c).~~ that falls within one of the

2 categories set forth under the Good Cause statement, as modified by the Court.

3      2.3     Counsel (without qualifier):   Outside Counsel of Record and House

4 Counsel (as well as their support staff).

5      2.4     Designating Party:  A Party or Non-Party that designates information or

6 items that it produces in disclosures or in responses to discovery as

7 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8      2.5     Disclosure or Discovery Material:  All items or information, regardless

9 of the medium or manner in which it is generated, stored, or maintained (including,

10 among other things, testimony, transcripts, and tangible things), that are produced or

11 generated in disclosures or responses to discovery in this matter.

12      2.6     Expert:  A person with specialized knowledge or experience in a matter

13 pertinent to the litigation who (1) has been retained by a Party to serve as an expert

14 witness or as a consultant in this action, (2) is not a current officer, director or

15 employee of a party to this action or of such party's competitor, and (3) at the time

16 of retention or the time of disclosure of Protected Material, is not anticipated to

17 become an officer, director or employee of a party to this action or of such party's

18 competitor.

19      2.7     "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

20 Items:   Extremely sensitive "Confidential Information or Items," disclosure of

21 which to another Party or Non-Party would create a substantial risk of serious harm

22 that could not be avoided by less restrictive means.

23      2.8     House Counsel:  Attorneys who are employees of a party to this action.

24 House Counsel does not include Outside Counsel of Record or any other outside

25 counsel.

26      2.9     Non-Party:  Any natural person, partnership, corporation, association,

27 or other legal entity not named as a Party to this action.

28

2.10  <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11  <u>Party</u>:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12  <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13  <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  <u>Protected Material</u>:  Any Disclosure or Discovery Material, pleading, or other document or information that is designated as "CONFIDENTIAL," or as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15  <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.**     **<u>Scope</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of

this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**     **Duration**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**     **Designating Protected Material**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) Documents or Things.   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment may be obtained by typing or stamping

-6-

1  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the
2  particular document or thing.

3      (b) <u>Interrogatory Answers and Responses to Requests for Admissions</u>.  In
4  answering any interrogatory or request for admission, or any part thereof, a Party
5  may designate its answer as "CONFIDENTIAL" or "CONFIDENTIAL –
6  ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL"
7  or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such "CONFIDENTIAL"
8  or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" answers shall be made on
9  separate pages from any other answers or portions thereof that are not designated as
10 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

11     (c) <u>Deposition Testimony</u>.  Any Party or Non-Party giving deposition
12 testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL –
13 ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course
14 of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL –
15 ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to
16 be "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or
17 alternatively by designating the entire testimony to be "CONFIDENTIAL" or
18 "CONFIDENTIAL – ATTORNEYS' EYES ONLY," subject to a good faith
19 obligation to identify any non-confidential portions of the testimony (and/or any
20 lesser "CONFIDENTIAL" portions in the event that the entire testimony is
21 designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY") within
22 fourteen (14) calendar days after receipt of the transcript of the testimony.  The
23 reporter shall separately transcribe and bind the testimony so designated as
24 "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and
25 shall mark the face of the separate bound transcript containing such testimony with
26 the term "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES
27 ONLY."  A Party or Non-Party also may make the above-referenced designation of
28 confidentiality in writing and within fourteen (14) calendar days of the receipt by

said Party or Non-Party of the transcript of said testimony.  In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound.  If, during the course of deposition testimony, any Party or Non-Party reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 7.2 and 7.3 hereof shall be excluded from the room in which the deposition testimony is given.  Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or Non-Party.  The Party or Non-Party designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information.  Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control.  Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be treated in accordance with the terms of this Protective Order.  In addition, the provisions of Paragraph 5.2(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 5.2(c).

1     (d) Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL

2 – ATTORNEYS' EYES ONLY" upon the first page of a collection of litigation

3 materials which are bound together shall have the effect of designating such

4 collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL –

5 ATTORNEYS' EYES ONLY."  In the case of disks, tapes, CD-ROMs, DVDs and

6 other tangible storage media or devices, labeling, stamping or marking the outside of

7 such disk, tape, CD-ROM, DVD or other medium or device with the legend

8 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall

9 have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD

10 or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or

11 "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be.

12     (e) Except as otherwise provided in this Protective Order, the receiving Party

13 shall not reveal any information produced for a period of seven (7) calendar days

14 following receipt.  Failure to designate a document, thing or other information as

15 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in

16 accordance with this Protective Order shall not preclude any Party or Non-Party

17 desiring to so designate the document, thing or information from so designating

18 thereafter; provided that the Party or Non-Party proceeds promptly after discovery

19 of any omission of marking, in good faith marks the document, thing or other

20 information and requests, in writing, that each receiving Party so mark and treat the

21 document, thing or other information in accordance with this Protective Order.

22 Thereafter, the document, thing or other information shall be fully subject to this

23 Protective Order.  No Party shall incur liability for any disclosures made prior to

24 notice of such designation, except to the extent that any such disclosures occurred

25 prior to the seven (7) day period described above or prior to such other time periods

26 as are provided by this Protective Order, including without limitation such time

27 periods as are provided in Paragraph 5.2(c), above.

28

-9-

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     <u>Challenging Confidentiality Designations</u>**

If a Party contends that any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation has been erroneously or improperly made, the material at issue shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as the case may be, under the terms of this Order until (i) the Parties reach a written agreement or (ii) this Court issues an order determining that the material is not entitled to the level of protection to which it is entitled under the Designating Party's designation.  In the event that counsel for a Party receiving material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" objects to such designation, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific designated material (identified by Bates number, if possible) to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").  Counsel for the Designating Party shall have twenty-one (21) days from receipt of the written Designation Objections to respond in writing as to whether the designations will be maintained or withdrawn. If the Designating Party does not withdraw the designation(s), the parties shall meet in confer in good faith, by telephone or in-person, within ten (10) days of the Designating Party's response to discuss the Designation Objections and attempt to resolve the dispute.

If, after meeting and conferring in good faith, the Parties are unable to resolve the dispute regarding the designation pursuant to any or all of the Designation

Objections, the Challenging Party may file a motion with the Court seeking an order to de-designate any of the challenged designations set forth in the Designation Objections (the "Designation Challenge Motion").   The Designation Challenge Motion must be filed, if at all, not later than fourteen (14) court days after the Parties' meet and confer.   Unless and until the Court orders the challenged designations stricken on resolution of the Designation Challenge Motion, the Designating Party is presumed to have designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" in good faith and any and all existing, challenged designations in such Motion shall remain in place.   The Designating Party shall have the burden of establishing the applicability of its "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Nothing in this Order shall constitute a waiver of any Party's right to object to the designation or non-designation of documents or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

**7.**      **Access To and Use of Protected Material**

7.1      Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (Final Disposition).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the court or agreed to by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, jury, and court personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  during their depositions, (i) the Designating Party or (ii) witnesses in the action to whom disclosure is reasonably necessary and who have either signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or who acknowledge on the record and under oath under penalty of perjury his or her obligation to maintain the confidentiality of the "CONFIDENTIAL" information subject to

---

[1]   It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

sanctions and punishment before the Court in the nature of contempt for failure to so comply, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Witnesses shown Protected Material shall not be allowed to retain copies;

(h)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential; and

(j)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

7.3   Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the Court, jury, and court personnel;

(e)   court reporters and their staff;

-13-

(f)  professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, the Designating Party; and

(i)  Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

## 8.  <u>Protected Material Subpoenaed Or Ordered Produced In Other Litigation</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

~~If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The~~

-14-

1   ~~Designating Party shall bear the burden and expense of seeking protection in that~~
2   ~~court of its confidential material — and nothing in these provisions should be~~
3   ~~construed as authorizing or encouraging a Receiving Party in this action to disobey a~~
4   ~~lawful directive from another court.~~

5   **9.     A Non-Party's Protected Material Sought To Be Produced In This**
6   **Litigation**

7       (a)     The terms of this Order are applicable to information produced by a
8   Non-Party   in   this   action   and   designated   as   "CONFIDENTIAL"   or
9   "CONFIDENTIAL – ATTORNEYS' EYES ONLY."   Such information produced
10   by Non-Parties in connection with this litigation is protected by the remedies and
11   relief provided by this Order.   Nothing in these provisions should be construed as
12   prohibiting a Non-Party from seeking additional protections.

13       (b)      In the event that a Party is required, by a valid discovery request, to
14   produce a Non-Party's confidential information in its possession, and the Party is
15   subject to an agreement with the Non-Party not to produce the Non-Party's
16   confidential information, then the Party shall:

17       1.     promptly notify in writing the Requesting Party and the Non-Party that
18   some or all of the information requested is subject to a confidentiality agreement
19   with a Non-Party;

20       2.     promptly provide the Non-Party with a copy of the Stipulated
21   Protective Order in this litigation, the relevant discovery request(s), and a
22   reasonably specific description of the information requested; and

23       3.     make the information requested available for inspection by the Non-
24   Party.

25       (c)     If the Non-Party fails to object or seek a protective order from this
26   Court within 14 days of receiving the notice and accompanying information, the
27   Receiving Party may produce the Non-Party's confidential information responsive
28   to the discovery request.   If the Non-Party timely seeks a protective order, the

-15-

Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     Unauthorized Disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     Inadvertent Production of Privileged Or Otherwise Protected Material**

If a Party or Non-Party through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the Designating Party or Non-Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or Non-Party.  The Receiving Party shall promptly return to the producing Party or Non-Party the inadvertently disclosed document and all copies of such document and may not sequester, use or disclose the information until the claim is resolved.  This includes a restriction against presenting the information to the Court for a determination of the claim.  Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving

the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

**12.** <u>**Miscellaneous**</u>

12.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>.  Nothing contained in this Protective Order shall affect the right of any Party or Non-Party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

12.3 <u>Filing Protected Material</u>.  Any Receiving Party is authorized under <u>Local Rule</u> 79-5.1, as such Rule may be amended from time to time, to request the filing under seal with the Court of any brief, document or materials that are designated as Protected Material under this Order.  A Party that seeks to file under seal any Protected Material must comply with <u>Local Rule</u> 79-5, and may only file such Protected Material under seal pursuant to a Court order authorizing the sealing. A Receiving Party shall not file any Protected Material in the public record.

**13.** <u>**Final Disposition**</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (Duration).

IT IS SO STIPULATED.


DATED:  January 2, 2015          QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP

                                 By */s/ Brian M. Wheeler*
                                    Scott B. Kidman
                                    Brian M. Wheeler
                                    *Attorneys for Plaintiffs King's Hawaiian*
                                    *Holding Company, Inc. and King's*
                                    *Hawaiian Bakery West, Inc.*


DATED:  January 2, 2015          QUARLES & BRADY LLP

                                 By */s/ Johanna M. Wilbert*
                                    Johanna M. Wilbert (admitted *pro hac*
                                    *vice*)
                                    *Attorney for Defendant Sprouts Farmers*
                                    *Market, Inc.*

1    PURSUANT TO STIPULATION, AND BASED ON GOOD CAUSE
2    SHOWN, IT IS SO ORDERED, as modified by the Court.

3    Notwithstanding anything to the contrary set forth above, the above order
4    shall not govern in connection with dispositive motions or at trial. If protection is
5    desired for materials submitted in connection with those proceedings, then it must
6    be sought separately and additionally, from the judicial officer who will preside at
7    those proceedings.

8
9    DATED: January 16, 2015

10
11   _____
12   Hon. Ralph Zarefsky
     United States Magistrate Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of King's Hawaiian Holding Company, Inc. v. Sprouts Farmers Market, Inc., Case No. 2:14-cv-05650-DSF-RZ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name]

of _____

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name:        _____

Signature:        _____